# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY DEMOND BARRY,

                 Plaintiff,        Case No. 2:08-cv-01722-PMP-GWF

vs.                                     **ORDER**

T. FELKER, *et al.*,

                 Defendants.

    Plaintiff is a state prisoner without counsel seeking relief for alleged civil rights violations. *See* 42 U.S.C. § 1983. He seeks leave to proceed *in forma pauperis (#2)*. This proceeding was referred to this Court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

    Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

    Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay the $350 filing fee. *See* 28 U.S.C. § 1914(a). An initial partial payment is assessed pursuant to Section 1915(b)(1). After viewing Plaintiff's financial affidavit, Plaintiff's current account balance is $0.00; Plaintiff's average six month balance is $0.00; and Plaintiff's average monthly deposits are $0.00. Plaintiff is not required to make an initial partial payment at this time; however, Plaintiff must make monthly payments of 20 percent of the preceding month's income credited to his trust account. 28 U.S.C. § 1915(b)(2). The agency having custody of Plaintiff shall forward payments from Plaintiff's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fee is paid.

    This Court must examine the complaint in "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of it, if it is frivolous,

1  malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a
2  defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  What is more, the Court cannot
3  require defendants to reply to such complaints without first determining plaintiff has a reasonable
4  opportunity to prevail on the merits of his claims.  42 U.S.C. § 1997e(g).

5        In reviewing the complaint to determine if it states a claim for relief, the court will construe
6  plaintiff's pleading liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  The court will not
7  dismiss a complaint without first identifying the deficiencies and giving plaintiff an opportunity to cure
8  them.  *See Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Eldridge v. Block*, 832 F.2d 1132,
9  1136 (9th Cir. 1987).

10        But before the undertaking to determine whether the complaint may have merit, the court may
11  insist upon compliance with its rules.  *See McNeil v. United States*, 508 U.S. 106, 113 (1993) (federal
12  rules apply to all litigants, including prisoners lacking access to counsel); *see also Crawford-El v.*
13  *Britton*, 523 U.S. 574, 598 (1998) (encouraging "firm application" of federal rules in prisoner cases).

14  **BACKGROUND**

15        In his Complaint (#1), Plaintiff alleges that he was subjected to cruel and unusual punishment
16  by Defendants in violation of his Eighth Amendment rights.  Plaintiff alleges that on July 23, 2007, the
17  correctional officers at the High Desert State Prison demanded that Plaintiff and other inmates submit
18  to a strip search.  Plaintiff alleges that after refusing to be strip searched, he was handcuffed and placed
19  on his knees by a correctional officer acting under the direction of Defendants J. Bishop and N.
20  Albonico.  Plaintiff alleges that after ten (10) minutes of kneeling, he complained that the asphalt was
21  too hot.  Plaintiff alleges that he could no longer take the pain and fell over.  Plaintiff alleges that the
22  correctional officers again placed him on his knees where he was in that position for almost an hour.
23  Plaintiff alleges that RN Flaherty examined Plaintiff and told Plaintiff that he had second degree burns
24  on his knees.

25  **DISCUSSION**

26        Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a
27  complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to
28  dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief

may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or a portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

The Supreme Court held that "society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell and that, accordingly, the Fourth Amendment proscription against unreasonable searches does not apply within the confines of the prison cell." *Hudson v. Palmer*, 468 U.S. 517, 526, 104 S.Ct. 3194, 3200 (1984); *Somers v. Thurman*, 109 F.3d 614, 617 (9th Cir. 1997). Plaintiff's allegation that Defendant Shelton violated Plaintiff's right to privacy by not notifying Plaintiff that a "female officer" was about to conduct a search of his prison cell does not constitute a cognizable claim for relief under the Fourth Amendment.

"Not every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny, however. After incarceration, only the 'unnecessary and wanton infliction of pain,' ... constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319, 106 S.Ct. 1078, 1084 (1986), quoting *Estelle v. Gamble*, 429 U.S. 97, 103, 97 S.Ct. 285, 290 (1976). A prison guard's unjustified striking, beating, or infliction of bodily harm on an inmate violates the Eighth Amendment when it "evince[s] such wantonness with respect to the unjustified infliction of harm as is tantamount to a knowing willingness that it occur." *Whitley*, 475 U.S. 312 at 321, 106 S.Ct. at 1085. The Ninth Circuit has held that "[p]rison officials must be free to take appropriate action to ensure the safety of inmates and corrections personnel and to prevent escape

or unauthorized entry." *McRorie v. Shimoda*, 795 F.2d 780, 784 (9th Cir. 1986), quoting *Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct. 1861, 1878 (1979).  The authorization ends when the force used in the action is so excessive as to violate a prisoner's constitutional rights. *See Whitley*, 475 U.S. 312 at 321-22, 106 S.Ct. at 1085 (actions taken that guard could not pausibly have thought necessary are actionable).

In *Whitley*, the Supreme Court stated that the following standards apply in evaluating an excessive use of physical force claim under the Eighth Amendment:

> Where a prison security measure is undertaken to resolve a disturbance ... that indisputably poses significant risks to the safety of inmates and prison staff, we think the question whether the measure taken inflicted unnecessary and wanton pain and suffering ultimately turns on 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.' '[S]uch factors as the need for the application of force, the relationship between the need and the amount of force that was used, [and] the extent of injury inflicted,' are relevant to that ultimate determination.

475 U.S. at 320-21, 106 S.Ct. at 1085, quoting *Johnson v. Glick*, 481 F.2d 1028, 1033 (2nd Cir. 1973). After viewing Plaintiff's Complaint (#1), the Court finds that Plaintiff's allegation that Defendants Felker, Bishop, and Albonico violated Plaintiff's right to be free from cruel and unusual punishment by placing Plaintiff on his knees for almost an hour where he obtained second degree burns does constitute a cognizable claim for relief under the Eighth Amendment.

The screening of Plaintiff's Complaint (#1) has been completed pursuant to 28 U.S.C. §1915A. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's request to proceed *in forma pauperis* (#2) is granted.

**IT IS FURTHER ORDERED** that all payments shall be collected in accordance with the notice to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

**IT IS FURTHER ORDERED** that the Clerk of the Court file Plaintiff's Complaint (#1).

**IT IS FURTHER ORDERED** that this action shall proceed upon an Eighth Amendment claim of the Complaint (#1) against Defendants Felker, Bishop, and Albonico.

. . .

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide to Plaintiff a blank summons, a copy of the pleading filed July 25, 2008, three (3) USM-285 forms and instructions for service of process on Defendants Felker, Bishop, and Albonico.  Within 20 days of service of this Order, Plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and three (3) copies of the endorsed July 25, 2008, complaint.  The Court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4.  Defendants Felker, Bishop, and Albonico will be required to respond to Plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).

DATED this 27th day of January, 2009.

*George Foley Jr.*
**GEORGE FOLEY, JR.**
**UNITED STATES MAGISTRATE JUDGE**