# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY DEMOND BARRY,

                Plaintiff,

vs.

T. FELKER, *et al.*,

                Defendants.

Case No. 2:08-cv-01722-PMP-GWF

**ORDER**

Motion to Compel (#30)

      This matter is before the Court on Plaintiff's Motion to the Court to Compel Defendant to Respond to Plaintiff Interrogatories that are Timely Pursuant to F.R.C.P. Civ. (5), (6), App. R. 25(c), 26 (#30), filed July 8, 2010.

      Plaintiff Timothy Demond Barry asks this Court to issue a ruling stating that Plaintiff's "interrogatories" were timely and "not deemed admitted". (#30 at 2). Plaintiff appears to have misconstrued Requests for Admissions as Interrogatories. In addition, there is no evidence that Plaintiff ever served interrogatories on Defendants. Instead, Defendants served Plaintiff with Requests for Admissions and other discovery requests on April 29, 2010. (*Id.* at 1). Plaintiff responded to the discovery requests 48 days later on June 16, 2010. (*Id.*) On June 22, Defendants wrote to Plaintiff to inform him that his responses to the requests for admissions were untimely and therefore deemed admitted. (#30 at 4). In light of this procedural history, the Court interprets the present motion as a request for the Court to issue a ruling finding that Plaintiff's responses to Defendants' Requests for Admission were not untimely.

      Plaintiff objects to the defendants' characterization of his responses to discovery requests as untimely because he delivered the responses to prison authorities within 45 days of his receipt of the discovery requests. (#30). Barry argues that he is allotted 45 days to respond to discovery requests under the Federal Rules of Civil Procedure and therefore his responses were timely. (*Id.*) Plaintiff

misstates the deadlines imposed by the Rules. Rule 36(a)(3) of the Federal Rules of Civil Procedure states that a party must serve his responses to requests for admissions within 30 days after being served unless a stipulation or order is obtained extending the time. If a party served with requests for admissions fails to respond within that time, the requests for admissions are deemed admitted. Fed.R.Civ.P. 36(a). In this instance, Plaintiff responded to the requests for admissions 48 days after Defendants served them by placing the requests in the mail. (#30). As a result, the Court finds that the requests for admissions were untimely and that the requests are deemed admitted.

Rule 36 also allows for a party who has had requests for admissions deemed admitted due to untimeliness to petition the Court to have the admissions withdrawn. Upon review of the present motion, the Court can find no indication that Plaintiff seeks this relief from the Court. However, in light of the Court's finding that the requests for admissions are deemed admitted and, as Plaintiff is proceeding *pro se* in this matter, the Court will deny the present request without prejudice.

The motion also argues that the Court should rule that his responses to Defendants' interrogatories were sufficient. (#30). Defendants recently filed a motion to compel Plaintiff to respond to interrogatories and requests for production. (#31). The Court will deny Plaintiff's request to rule on the issue until Defendants' motion to compel is fully briefed. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion to the Court to Compel Defendant to Respond to Plaintiff Interrogatories (#30) is **denied without prejudice** for the reasons set forth above.

DATED this 23rd day of August, 2010.

_____
**GEORGE FOLEY, JR.**
**United States Magistrate Judge**