# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY DEMOND BARRY,

            Plaintiff,

vs.

T. FELKER, *et al.*,

            Defendants.

Case No. 2:08-cv-01722-PMP-GWF

**ORDER**

Motion to Compel (#31)

      This matter is before the Court on Defendants' Motion to Compel Plaintiff's Responses to their Interrogatories and Requests for Production (#31), filed July 29, 2010; Plaintiff's "Objections to Defendants' Counsel Motion to Compel, Pursuant to F.R.C.P.Civ 37(a)(B)(3) also (a)(5)(A)" (#35), filed August 30, 2010; and Defendants Bishop and Albonico's Reply to Plaintiff's Opposition to their Motion to Compel (#34), filed August 31, 2010.

## DISCUSSION

      Defendants J. Bishop and N. Albonico move pursuant to Fed.R.Civ.P. 37 for an order compelling Plaintiff Timothy Barry to provide substantive responses to Defendants' discovery requests and for an award of sanctions. (#31). The present motion specifically requests that the Court overrule Plaintiff's blanket objections and order Plaintiff to respond to the following discovery requests: (1) Defendant Bishop's First Set of Interrogatories, (2) Defendant Bishop's First Set of Requests for Production of Documents, (3) Defendant Albonico's First Set of Interrogatories, and (4) Defendant Albonico's First Set of Requests for Production. (*Id.*)

      Plaintiff responds that his objections to Defendants' interrogatories and requests for production should be upheld because the discovery was not sought in good faith and the discovery requests are overbroad, vague and conclusory. (#35). Additionally, Plaintiff argues that he is exempted from producing any documents because, as an incarcerated *pro se* litigant, he is exempt from initial

disclosures under Fed.R.Civ.P. 26(a)(1)(B)(iv). (*Id.*) Plaintiff also argues that he is not required to respond to discovery requests seeking the identity of witnesses or documents if Plaintiff does not intend to use these witnesses or documents at trial. (*Id.*)

As Plaintiff's objections and opposition to the discovery requests reveal a misunderstanding about the scope of discovery, the Court will briefly discuss the discovery process under the Federal Rules of Civil Procedure. Under Fed.R.Civ.P. 26, parties may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense — including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." A party may request relevant information, even information that would be inadmissible at trial, "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

Plaintiff contends that even under this broad scope of discovery, he is exempt from having to produce any documents in response to requests for production because Fed.R.Civ.P. 26(a)(1)(B)(iv) exempts incarcerated *pro se* parties from disclosures. (#35). This argument misconstrues the exemption granted within Rule 26. Fed.R.Civ.P. 26(a)(1)(B)(iv) states that in "an action brought without an attorney by a person in the custody of the United States, a state, or a state subdivision," initial disclosures are not required. This provision for *pro se* prisoner litigation does not, however, exempt an incarcerated party from responding to another party's discovery requests. A party is authorized by Fed.R.Civ.P. 33-34 to propound interrogatories and requests for production in an attempt to obtain relevant information through discovery. Interrogatories and requests for production are not considered initial disclosures and therefore a *pro se* prison litigant is not exempted by Rule 26 from having to respond to such requests.

Plaintiff also argues that only witnesses and documents that he intends to introduce at trial are discoverable. (#35 at 2-3). He cites the sanction provision of Rule 37 under which the Court may prohibit a party from introducing witnesses or documents at trial that were not previously disclosed and argues that this rule indicates that only witnesses and documents being introduced at trial are discoverable. (*Id.*) Plaintiff misunderstands the interaction of Rule 26 and Rule 37. Rule 26 authorizes parties to obtain discovery regarding *"any* nonprivileged matter that is relevant, including information

on "the existence, description, nature, custody, condition, and location of any documents" and "the identity and location of persons" who know of any information relevant to Plaintiff's claims or Defendants' potential defenses. Fed.R.Civ.P. 26(b)(1)(emphasis added). This includes witnesses that Plaintiff may not be calling at trial. Rule 37, on the other hand, provides potential sanctions for a party's failure to participate in discovery. This includes the sanction of prohibiting a party from calling specific witnesses at trial. The sanction does not imply that discovery should be limited merely to the witnesses the Court might prohibit from testifying. Instead, the rule alerts parties that failure to participate in discovery comes with consequences, including the possibility of going to trial without any witnesses on their behalf.

As for Plaintiff's individual objections to Defendants' discovery requests, having reviewed the interrogatories and requests for production, the Court will overrule Plaintiff's objections as improper. The interrogatories are not broad, vague or conclusory. They are instead tailored to seek specific and relevant information. Similarly, the Court finds that Defendants' requests for production seek relevant documents and are not overbroad. Therefore, the Court will compel Plaintiff to provide substantive responses to Defendants' discovery requests without objection.

However, the Court finds that sanctions are not merited at this time. Accordingly,

**IT IS ORDERED** that Defendants' Motion to Compel Plaintiff's Responses to their Interrogatories and Requests for Production (#31) is **granted in part** and **denied in part**, as follows:

1. Plaintiff shall provide substantive responses without objection to the following discovery requests:
   a. Defendant Bishop's First Set of Interrogatories;
   b. Defendant Bishop's First Set of Requests for Production of Documents;
   c. Defendant Albonico's First Set of Interrogatories; and
   d. Defendant Albonico's First Set of Requests for Production.
2. Defendants' request for sanctions is **denied**.

DATED this 21st day of October, 2010.

_____
**GEORGE FOLEY, JR.**
**United States Magistrate Judge**