1

2

3  # UNITED STATES DISTRICT COURT

4  # FOR THE EASTERN DISTRICT OF CALIFORNIA

5

6  TIMOTHY DEMOND BARRY,                  )

7                          Plaintiff,     )          Case No. 2:08-cv-01722-PMP-GWF
                                          )
8  vs.                                    )          **ORDER**
                                          )
9  T. FELKER, *et al.*,                   )          Motion to Compel (#37)
                                          )
10                         Defendants.    )
   _____)

11

12          This matter is before the Court on Plaintiff's Objections to Defendants J. Bishop and N.

13  Albonico Taking Deposition of Plaintiff Pursuant to F.R.C.P. 30 (#33), filed August 27, 2010;

14  Defendants Bishop and Albonico's Notice of Motion to Compel the Deposition of Plaintiff (#37), filed

15  August 31, 2010; and Declaration of Counsel in Lieu of Reply to Opposition to Defendants Bishop and

16  Albonico's Motion to Compel the Deposition of Plaintiff (#39), filed September 29, 2010.

17                                   **DISCUSSION**

18          Defendants J. Bishop and N. Albonico state that they served Plaintiff with a notice of deposition

19  on August 11, 2010, which scheduled the deposition to take place on August 31, 2010. (#37-1 at 1-2).

20  Defendant, who is incarcerated at High Desert State Prison, would be deposed telephonically. (*Id.* at 2).

21  On August 24, 2010, Plaintiff Timothy Barry mailed his objections to the scheduled deposition to the

22  Court and Defendants. (#33; #37-1 at 2). At the time the deposition was scheduled to be taken on

23  August 31, 2010, Plaintiff refused to attend the deposition. As a result, Defendants move the Court

24  pursuant to Fed.R.Civ.P. 37 for an order to compel the deposition of Plaintiff Barry and imposing

25  sanctions against Plaintiff for failure to attend the deposition. (#37).

26          Plaintiff objects to allowing Defendants to take his deposition as noticed. (#33). He argues that

27  Fed.R.Civ.P. 28(a) and 30 require that a deposition must take place before an officer of the Court. (*Id.*)

28  As a result, he states that he will not submit to a deposition.

1      **1.      Deposition of Plaintiff**

2           Under Fed.R.Civ.P. 30(a), a defendant has the right to depose a plaintiff without seeking the

3      Court's leave to do so.  *Hines v. California Public Utilities Com'n*, 2009 WL 3621878, *1 (N.D.Cal.

4      October 29, 2009).  *See also* Fed.R.Civ.P. 26(b)(1) (stating "[p]arties may obtain discovery regarding

5      any nonprivileged matter that is relevant to any party's claim or defense").  However, where a deponent

6      is confined in prison, the party "*must* obtain leave" of the Court prior to noticing the deposition.

7      Fed.R.Civ.P. 30(a)(2)(B) (emphasis added).  In this instance, Defendants failed to seek the Court's

8      leave to depose Plaintiff, who is incarcerated at High Desert State Prison.  As a result, Defendants'

9      notice of deposition was improper and the Court will not compel the deposition of Plaintiff under

10     Fed.R.Civ.P. 37.

11          The Court will, alternatively, consider the present motion to comprise a motion for leave to take

12     the deposition of Plaintiff as a deponent confined in prison pursuant to Fed.R.Civ.P. 30(a) and grant

13     Defendants leave to depose Plaintiff.  Defendants shall properly notice the deposition and make

14     arrangements with High Desert State Prison for a time and place to depose Plaintiff.

15          As for Plaintiff's objections to Defendants taking his deposition, Rules 28(a) and 30(b)(5)

16     require that a deposition be taken before a court reporter or officer authorized to administer oaths.

17     Plaintiff interprets these rules as requiring that Plaintiff be deposed by "an officer," rather than the

18     defendants.  (#33).  As discussed above, Defendants have the right to have their counsel depose

19     Plaintiff by oral questions under Fed.R.Civ.P. 30(a).  There is no requirement under the Rules of Civil

20     Procedure that a deposition be taken by a third party or court officer.  Fed.R.Civ.P. 28(a) and 30(b)(5)

21     merely mandate that the deposition must be taken before a court reporter or other officer authorized to

22     administer oaths.  Defendants' notice states that the "deposition will be taken before a certified

23     shorthand reporter".  (#37-6 at 3).  Plaintiff has not offered any evidence that the presence of the

24     shorthand reporter does not comply with the requirements of Rules 28(a) and 30(b)(5).  Therefore,

25     Plaintiff's objections to Defendants taking his deposition are overruled.

26     . . .

27     . . .

28     . . .

**2.     Motion for Sanctions**

The Court finds sanctions are not appropriate at this time as Defendants failed to seek leave of the Court prior to noticing the deposition of Plaintiff as required by Fed.R.Civ.P. 30(a)(2)(B). Accordingly,

**IT IS HEREBY ORDERED** that Defendants Bishop and Albonico's Notice of Motion to Compel the Deposition of Plaintiff (#37) is **granted in part** and **denied in part**, as follows:

1.     The Court grants Defendants leave to depose Plaintiff pursuant to Fed.R.Civ.P. 30(a); and

2.     Defendants' request for sanctions is **denied**.

**IT IS FURTHER ORDERED** that Defendants shall properly notice the deposition of Plaintiff and make arrangements with High Desert State Prison for a time and place to depose Plaintiff.

DATED this 21st day of October, 2010.

_George Foley Jr._
**GEORGE FOLEY, JR.**
**United States Magistrate Judge**