# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY DEMOND BARRY,

          Plaintiff,

vs.

T. FELKER, *et al.*,

          Defendants.

Case No. 2:08-cv-01722-PMP-GWF

**ORDER**

Motion to Compel (#36)

      This matter is before the Court on Plaintiff's Motion to Compel F.R.C.P. 37 for Defendants J. Bishop and N. Albonico to Produce the Names of Officers Named in the Incident Reports on July 23, 2007 also Documents Pertinent to the July 23, 2007 Incident (#36), filed August 30, 2010 and Defendants Bishop and Albonico's Opposition to Plaintiff Barry's Motion to Compel (#38), filed September 14, 2010.

## BACKGROUND

      In his Complaint (#1), Plaintiff alleges that he was subjected to cruel and unusual punishment by Defendants in violation of his Eighth Amendment rights. Plaintiff alleges that on July 23, 2007, the correctional officers at the High Desert State Prison ("HDSP") demanded that Plaintiff and other inmates submit to a strip search. After refusing to be strip searched, Plaintiff alleges that he was handcuffed and placed on his knees by a correctional officer acting under the direction of Defendants J. Bishop and N. Albonico. Plaintiff complained that the asphalt was too hot after ten (10) minutes of kneeling. Plaintiff states that he could no longer take the pain and fell over. The correctional officers again placed him on his knees and left him in that position for almost an hour. Plaintiff alleges that RN Flaherty examined Plaintiff and told Plaintiff that he had second degree burns on his knees.

. . .

. . .

**DISCUSSION**

Plaintiff Timothy Barry requests that the Court order Defendants to further respond to interrogatories and requests for production that Plaintiff served on June 16, 2010. (#36). Defendants argue that they raised valid objections to many of Plaintiff's discovery requests and fully responded to the requests after raising the objections. (#38). The Court will now examine the discovery requests at issue and Defendants' responses to determine whether Defendants should be compelled to supplement their responses.

1.   **Interrogatories Served on Defendant J. Bishop**

**Interrogatory No. 1:**  Objection upheld as vague.

Plaintiff requests that Defendant state High Desert State Prison's approved policy for how to deal with "an incident" in Facility C's exercise yard that involves a weapon. (#36 at 7). Defendant Bishop objects to the phrase "an incident" as vague.[1] (*Id.*)

The Court upholds Defendant's objection as to vagueness. Plaintiff's phrasing requests information on the policy for dealing with "an incident" involving a weapon. However, it is not clear whether "an incident" refers to the possession of a weapon, the use of a weapon, threatening someone with a weapon, the mere finding of a weapon on the ground, etc. Each "interrogatory should consist of a brief, simple, direct, and unambiguous question, dealing with one point only." *Hilt v. SFC Inc.*, 170 F.R.D. 182, 187 (D.Kan. 1997) (citing William W. Schwarzer, *et. al.*, Civil Discovery and Mandatory Disclosure: A Guide to Efficient Practice, 4-5 to 4-7 (2d ed. 1994)). Interrogatories "should not seek narrative answers or attempt to argue, cross-examine, or impeach. They should be written so that the question and the expected answer can be understood easily when read at trial." *Id.* In this instance, it is unclear what type of incident is being referred to in Plaintiff's interrogatory and it is not specific enough for Defendant to be able to identify the information sought. Therefore, the

---

[1] Without waiving his objection, Bishop identified several written policies that would pertain to incidents in an exercise yard that may or may not involve a weapon, including sections of the High Desert State Prison ("HDSP") Operation Manual and California Code of Regulations. (#36 at 7-8). Defendant then declined to state the relevant contents of the Department Operation Manual and HDSP Operational Procedures because the sections "are confidential to inmates". (*Id.*) As the Court has upheld Defendant's vagueness objection, it will not address the confidentiality question.

objection is upheld as Defendant is unable to identify what specific policies for High Desert State Prison ("HDSP") are requested by Plaintiff.

**Interrogatory No. 2:** Objection overruled.

Plaintiff requests information on High Desert State Prison's approved policy for how to handle an incident in Facility C when a weapon is located in the exercise yard while inmates are still present. (#36 at 8). Defendant objects to the interrogatory as vague. (*Id.*) While Plaintiff's phrasing may not be precise as to the term "incident," the Court finds that the interrogatory is specific enough for Defendant to identify the information sought. The interrogatory is limited to a request for a statement of HDSP's policies where inmates are present in the exercise yard and the guards have detected a weapon. As a result, the Court will overrule Defendant's vagueness objection.

After raising the vagueness objection, Defendant identifies several sections of the HDSP Department Operation Manual and Operational Procedures as responsive to the interrogatory, but states that Defendant will not provide the information as it is confidential to inmates. (#36 at 8). According to Bishop, certain sections of the Department Operation Manual and HDSP Operational Procedures are confidential and may not be released to prisoners as it "would compromise the safety and security of the institution". (#38 at 3-4). However, Defendant has failed to cite any official policy, regulation, rule or statute that prohibits prisoners from viewing sections of the HDSP Operational Procedures. Through its own research, the Court determined that the California Code of Regulations allows for information "which would jeopardize the security of the institution" to be classified as confidential. 15 CA ADC § 3321(a)(2). However, state agents and corrections institutions may not merely refuse to respond to discovery requests by raising the allegation that a response would compromise the safety and security of the institution. *See Jacobs v. Scribner*, 2009 WL 3157533, *3-*4 (E.D.Cal. Sept. 25, 2009) (partially overruling the defendants' objection to producing confidential sections of the Department Operational Manual). Defendant must sufficiently demonstrate how allowing Plaintiff to view an official prison policy or procedure creates a specific safety or security threat for the institution.

Defendant's opposition fails to state any specific manner in which the prison would be compromised by providing Plaintiff with sections of the Department Operation Manual and HDSP Operational Procedures. In the opposition and the attached affidavit, Bishop recites the regulatory

3

standard that "providing inmates with information contained in the specified sections would compromise the safety and security of the institution." Mere recitation of the regulatory language without any further explanation is not enough for the Court to find the materials at issue to be confidential. As Defendant has offered no description as to how disclosure of these specific sections could pose a safety or security threat, the Court finds that Defendant has not met his burden of showing that the materials requested are confidential. Bishop will be ordered to produce the specific sections of the Department Operation Manual and HDSP Operational Procedures requested by Plaintiff.

**Interrogatory No. 4:** Objections overruled.

Plaintiff requests that Defendant Bishop state High Desert State Prison's approved policy for how to handle an incident in Facility C where an inmate yells "my cellmate is down, man down" to the officer in the guard tower. (#36 at 9).

Defendant identifies HDSP Operational Procedure No. 102 as responsive to the interrogatory, but states that Defendant will not provide the information as it is confidential to inmates. (*Id.*) As discussed above, Defendant has not demonstrated to the Court how allowing Plaintiff to view an official prison policy or procedure would threaten the institution. Defendant will be required to produce the specific sections of the Department Operation Manual and HDSP Operational Procedures requested by Plaintiff.

**Interrogatory No. 6:** Objection overruled.

Plaintiff asks Defendant to state the approved policy in place on July 23, 2007 for guards when the asphalt temperature in the exercise yard is above 100 degrees and inmates are ordered to lay down. (#36 at 10). Defendant objects that the interrogatory is an incomplete hypothetical because it assumes that such a policy exists. (*Id.*; #38 at 5). Without waiving his objection, Defendant then states that "HDSP Operational Procedure No. 102, Alarm Response" would apply, but the HDSP Operational Procedure is confidential to inmates.

While Plaintiff's interrogatory is phrased in a way that assumes that such a policy exists, the Court will overrule Defendant's objection. As Plaintiff is proceeding *pro se*, inartful drafting of an interrogatory is not a valid basis for objecting if the information sought by the discovery request is reasonably clear. Therefore, the Court will overrule Defendant's objection.

To the extent that Defendant did respond after raising his objections, the Court finds that Defendant has not sufficiently demonstrated to the Court how allowing Plaintiff to view an official prison policy or procedure would threaten the institution. Bishop will be required to produce the specific sections of the Department Operation Manual and HDSP Operational Procedures requested by Plaintiff.

**Interrogatory No. 7:** More information required from Defendant.

Plaintiff asks Defendant to state the approved policy in place on July 23, 2007 for guards when a correctional officer deploys their panic button. (#36 at 10). Defendant responds that several policies within the Operational Procedure and Department Operation Manual would apply, but that these policies are confidential to inmates. (*Id.*) As discussed above, the Court finds that Defendant has not sufficiently demonstrated to the Court how allowing Plaintiff to view an official prison policy or procedure would threaten the institution. Bishop will be required to supplement his argument that responding to Plaintiff's request would jeopardize the security of the institution by offering further explanation for how responding to this particular interrogatory would impact the safety and security of HDSP.

**Interrogatory No. 8:** Objection overruled.

Plaintiff asks Defendant to state the approved policy in place on July 23, 2007 for guards when inmates complain to corrections officers that the asphalt is too hot to sit on during an alarm in the exercise yard. (#36 at 10-11). Defendant objects that the interrogatory assumes facts not in evidence because Plaintiff's interrogatory offers no proof that inmates complained about the asphalt temperature during the subject incident. (*Id.*; #38 at 6-7). Without waiving his objection, Defendant then responds by citing and attaching sections of the California Code of Regulations. (#36 at 11).

Plaintiff's interrogatory does not require Defendant to admit or accept that an inmate complained about the temperature of the asphalt on the day of the subject incident. Instead, the interrogatory asks what policies in place on July 23, 2007 would pertain in a hypothetical incident where inmates complained during an alarm in the exercise yard that the asphalt was too hot to sit on. As a result, Defendant's objection is overruled.

. . .

### 2. Requests for Production Served on Defendant Albonico

**Request for Production No. 2:**     Objection to request as overbroad upheld in part and overridden in part.

Plaintiff seeks all incident reports written by prison staff on July 23, 2007 for facility C's exercise yard. (#36 at 28-29). Defendant Albonico objects to the request as compound, overly broad, vague and ambiguous. (*Id.*) As drafted, the Court finds that Plaintiff's request for all incident records generated from facility C's exercise yard is overly broad. Several events could have occurred in the area on that date that were worthy of the prison staff generating an incident report. As a result, the Court will uphold Defendant's objection and will limit Plaintiff's document request to all incident reports in Defendant's possession or control related to the subject incident in facility C on July 23, 2007 where an alarm was sounded and Plaintiff was eventually searched by corrections officers. Given this limitation imposed by the Court, Defendant's compound, vague and ambiguous objections are overruled.

Additionally, Defendant argues that production of incident records could violate other inmates' right to privacy. (*Id.*) The Court may limit the scope of discovery to protect the privacy interests of litigants and third parties. See Fed.R.Civ.P. 26(c); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 34-35 (1984). Plaintiff has not set forth any need for the names of the inmates who are named in the incident reports filed by the prison staff members and any such need is outweighed by the inmate's privacy interests. Although the names of the inmates could prove useful to Plaintiff in order to identify potential witnesses, these witnesses did not consent to having their identities disclosed to Plaintiff. The Court finds that there is a reasonable expectation that prison staff reports will not fall into the hands of the general inmate population. *See Lamon v. Adams*, 2010 WL 4513405, *3-*4 (E.D.Cal., Nov. 2, 2010) (finding a reasonable expectation of privacy exists for reports detailing information about prison inmates). Accordingly, the Court will order Defendant to produce all incident reports in Defendant's possession or control related to the subject incident in facility C on July 23, 2007 where an alarm was sounded and Plaintiff was eventually searched by corrections officers, but Defendant shall redact the names of the inmates associated to any responsive incident reports before they are provided to Plaintiff. . . .

|   |   |
|---|---|
| 1 | **Request for Production No. 4:**   Objection to request as overbroad upheld in part and overridden in part. |

Plaintiff seeks all medical reports of injury or unusual occurrences written by prison staff on July 23, 2007 for "the incident". (#36 at 28-29). Defendant Albonico objects to the request as compound, overly broad, vague and ambiguous. (*Id.*) The Court finds that Plaintiff's request for all medical records generated from facility C's exercise yard is overly broad even if limited to a specific date. Several events could have occurred in the area on that date that were worthy of the prison staff generating a medical report. As a result, the Court will uphold Defendant's objection and will limit Plaintiff's document request to all medical reports in Defendant's possession or control related to the subject incident in facility C on July 23, 2007 where an alarm was sounded and Plaintiff was eventually searched by corrections officers. Given this limitation imposed by the Court, Defendant's compound, vague and ambiguous objections are overruled.

Additionally, Defendant argues that production of medical records could violate other inmates' right to privacy. (*Id.*) As discussed above, the Court may limit the scope of discovery to protect the privacy interests of litigants and third parties. Accordingly, the Court will order Defendant to produce all medical reports related to the subject incident, but Defendant shall redact the names of the inmates and any identifying information before the records are provided to Plaintiff.

**Request for Production No. 5:**   Objection to request as overbroad upheld.

Plaintiff seeks all crime and incident reports written by prison staff on July 23, 2007. (#36 at 29-30). Defendant Albonico objects to the request as compound, overly broad, vague and ambiguous. (*Id.* at 30). The Court finds that Plaintiff's request for all crime and incident records written on July 23 is overly broad. Several incidents and crimes could have occurred in the prison on the date that were worthy of the prison staff generating a report. As a result, the Court will uphold Defendant's objection. Defendant is not required to respond further to this request. Accordingly,

. . .

. . .

. . .

. . .

**IT IS ORDERED** that Plaintiff's Motion to Compel F.R.C.P. 37 for Defendants J. Bishop and N. Albonico to Produce the Names of Officers Named in the Incident Reports on July 23, 2007 also Documents Pertinent to the July 23, 2007 Incident (#36) is **granted in part** and **denied in part** as follows:

1. Defendant Bishop shall substantively respond to interrogatory nos. 2, 4, and 6-7 on or before **January 13, 2011**;

2. Defendant Bishop shall supplement his response to interrogatory no. 8 to the extent that the overruled objection limited his substantive response on or before **January 13, 2011**; and

3. Defendant Albonico shall substantively respond on or before **January 13, 2011** to Plaintiff's requests for production nos. 2 and 4 by producing copies of all incident reports and medical reports in Defendant's possession or control related to the subject incident on July 23, 2007. These reports shall be redacted in the manner discussed above.

DATED this 13th day of December, 2010.

*George Foley Jr.*
**GEORGE FOLEY, JR.**
**United States Magistrate Judge**