# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

TIMOTHY DEMOND BARRY,

                Plaintiff,

vs.

T. FELKER, *et al.*,

                Defendants.

Case No. 2:08-cv-01722-PMP-GWF

**ORDER**

Motion for Reconsideration (#45)

      This matter is before the Court on Defendants Bishop and Albonico's Notice of Motion for Reconsideration and Memorandum and Points of Authorities in Support of Their Motion for Reconsideration (#45), filed January 13, 2011.

## BACKGROUND

      In his Complaint (#1), Plaintiff Timothy Barry alleges that he was subjected to cruel and unusual punishment by Defendants in violation of his Eighth Amendment rights. Plaintiff alleges that on July 23, 2007, the correctional officers at the High Desert State Prison ("HDSP") demanded that Plaintiff and other inmates submit to a strip search. After refusing to be strip searched, Plaintiff alleges that he was handcuffed and placed on his knees by a correctional officer acting under the direction of Defendants J. Bishop and N. Albonico. Plaintiff complained that the asphalt was too hot after ten (10) minutes of kneeling. Plaintiff states that he could no longer take the pain and fell over. The correctional officers again placed him on his knees and left him in that position for almost an hour. Plaintiff alleges that RN Flaherty examined Plaintiff and told Plaintiff that he had second degree burns on his knees.

      On August 31, 2010, Plaintiff filed a motion to compel, requesting that the Court order Defendants to further respond to interrogatories and requests for production that Plaintiff served on June 16, 2010. (#36). Plaintiff's interrogatories sought policies and procedures that were relevant

to the incident where Plaintiff was injured at HDSP. (*Id.*) Plaintiff's requests for production asked for production of incident reports and medical reports of injury or unusual occurrences authored by prison staff on the date of Plaintiff's injury, July 23, 2007. (*Id.*) Defendants responded that the motion to compel should be denied because they properly responded to Plaintiff's discovery request by raising valid objections to many of Plaintiff's discovery requests. (#38). They argued that the Court should uphold Defendants' objections to the interrogatories because Plaintiff was requesting prison operational policies and procedures from the HDSP Department Operation Manual and Operational Procedures and that these materials were confidential. (*Id.*) Specifically, the defendants argued that disclosure of the materials "would compromise the safety and security of the institution." (*Id.*) In opposition to the request that they supplement their responses to Plaintiff's requests for production, the defendants argued that the incident report contained no relevant information and that the privacy interests of other prisoners prevented disclosure as the incident report included information about other prisoners. (*Id.*)

On December 14, 2010, the Court issued an order granting Plaintiff's motion to compel in part and overruling Defendants' confidentiality objections to Plaintiff's interrogatory nos. 2, 4, and 6-7. (#43 at 8). In doing so, the Court found that the defendants had failed to state any specific manner in which the prison would be compromised by providing Plaintiff with sections of the HDSP Department Operation Manual and Operational Procedures. (#43). Instead, the opposition and attached affidavit only recited the regulatory standard that "providing inmates with information contained in the specified sections would compromise the safety and security of the institution." (*Id.*) The Court held that mere recitation of the regulatory language without any further explanation is not enough for the Court to find the materials at issue to be confidential and ordered Defendant Bishop to produce the sections of the HDSP Department Operation Manual and Operational Procedures relevant to Plaintiff's interrogatory nos. 2, 4, and 6-7 and requests for production nos. 2 and 4. (#43) (citing *Jacobs v. Scribner*, 2009 WL 3157533, *3-*4 (E.D.Cal. Sept. 25, 2009) (partially overruling the defendants' objection to producing confidential sections of the Department Operational Manual because state agents may not refuse to respond to discovery requests by raising the allegation that a response would compromise the safety and security of the institution). The

1 Court's order also overruled Defendants' privacy objection to request for production no. 2. (#43).[1]
2 Recognizing the privacy concerns raised by the prison, the Court ordered that the incident reports
3 should be produced but that the name of the inmates should be redacted. (*Id.*)

4 In the present motion, Defendants request that the Court reconsider and vacate its December
5 14, 2010 order (#43) compelling Defendant Bishop to substantively respond to Plaintiff's discovery
6 requests.

**DISCUSSION**

While the Federal Rules of Civil Procedure do not explicitly recognize a petition for rehearing or motion to reconsider, this court has the inherent power to revise, correct, and alter interlocutory orders at any time prior to entry of a final judgment. *See Sch. Dist. No. 5 v. Lundgren*, 259 F.2d 101, 105 (9th Cir. 1958); *Santamarina v. Sears, Roebuck & Co.*, 466 F.3d 570, 571-72 (7th Cir. 2006). This authority is governed by the doctrine that a court will generally not reexamine an issue previously decided by the same or higher court in the same case. *Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 766 (9th Cir. 2001); *United States v. Cuddy*, 147 F.3d 1111, 1114 (9th Cir. 1998). However, a court has discretion to depart from the prior order when (1) the first decision was clearly erroneous, (2) there has been an intervening change of law, (3) the evidence on remand is substantially different, (4) other changed circumstances exist, or (5) a manifest injustice would otherwise result. *Cuddy*, 147 F.3d at 1114. In addition, the local rules require that a petitioner seeking reconsideration must also demonstrate what new or different facts of circumstances are claimed to exist which were not shown in the prior motion and why the facts or circumstances were not shown at the time of the prior motion. LR 230(j)(3)-(4).

**1. Confidentiality Objection to Interrogatories**

Defendants argue that the Court should vacate its prior order because there is sufficient evidence that providing inmates with information contained in the specified sections of the HDSP Department Operation Manual and Operational Procedures would compromise the safety and

---

[1] The Court upheld, in part, Defendants' objection to the overbreadth of Plaintiff's requests for production and limited the scope of records sought by Plaintiff. (#43).

security of the institution. (#45). In support of this argument, Defendants attach the declaration of R. Dreith, the Litigation Coordinator for the California Department of Corrections and Rehabilitation. (#45-2 at 1-4). Dreith states that the Operational Procedure at issue, no. 102, provides detailed instructions for which HDSP staff should respond in the event of a major incident at the prison, as well as where they should go and how they should specifically act. (#45-2 at 1-2). In addition, the declaration states that the sections at issue from the HDSP Department Operation Manual detail the procedures for reporting and investigating incidents where force was used, procedures for crime scene preservation and instructions for which staff should respond to an incident and when. (#45-2 at 2). Dreith states that these procedures are confidential because allowing an inmate to know the routines of prison staff could allow the inmate to create an unsafe condition or use the information to thwart an investigation. (*Id.*)

In further support of their motion to reconsider its order compelling further response to Plaintiff's interrogatories, Defendants cite that previous courts have upheld the confidentiality objection to producing the HDSP Operational Procedures because they contain "critical prison security information that, if disclosed, could endanger prison staff and compromise tactical responses to prison alarms." (#45-1) (citing *Ibanez v. Miller*, 2009 US Dist LEXIS 98394 (E.D.CA Oct. 22, 2009)). In *Ibanez*, the court considered objections by the prison to the release of Operational Procedure no. 102. 2009 US Dist LEXIS 98394. Based on the declaration of an associate warden at the prison, the court upheld the prison's confidentiality objections and held that any prejudice to the plaintiff from non-disclosure was outweighed by the probable harm from disclosure and that the significant gravity of the harm. *Id.* at *6-*7.

The Court grants reconsideration of its December 14, 2010 order in light of information provided in the declaration of Litigation Coordinator R. Dreith and the court's decision in *Ibanez v. Miller*, 2009 US Dist LEXIS 98394. Dreith's declaration establishes that the material at issue in the HDSP Department Operation Manual and Operational Procedures contains critical prison security information that, if disclosed, could endanger prison staff and compromise tactical responses to prison alarms. Although Defendants improperly failed to support their initial assertion of a confidentiality objection with specific details as to how release of the information would

4

threaten the safety and security of the institution, the Court finds the probable harm from disclosure and the significant gravity of that harm demonstrates that manifest injustice would result if the Court did not revisit its prior order.

The harm likely to result from disclosure is adequately addressed in Dreith's declaration and it appears probable that release of the information would, indeed, compromise tactical responses to disturbances, prison investigations of incidents and other prison security measures. Moreover, the gravity of harm from such a compromise includes endangering the safety of correctional officers and other prison staff, as well as other inmates. While the procedures at issue in the HDSP Department Operation Manual and Operational Procedures may be relevant to Plaintiff's claims, upholding Defendants' confidentiality objection and denying his request for disclosure will not prevent Plaintiff from presenting his case. Therefore, the Court finds that Defendants' confidentiality objections as to interrogatory nos. 2, 4 and 6-7 are upheld because the probable harm and significant level of harm that could result from disclosure outweighs any prejudice to Plaintiff resulting from non-disclosure.

**2.    Relevancy Objection to Request for Production No. 2**

Defendants also argue that the Court should vacate its prior order because the incident report sought in request for production no. 2 does not contain information relevant to Plaintiff's claims that he suffered injury due to prison staff handcuffing him and placing him on his knees on severely hot concrete. (#45-1 at 7-9). According to the declaration, the incident report only contains one sentence discussing Plaintiff and merely states that he was present in the yard at the time of the incident. (#45-2). Dreith further states that the remainder of the incident report includes information regarding the stabbing of an inmate, details about the apprehension of the suspects and death of the victim, as well as medical reports of injury for the suspects and the victim of the stabbing. (#45-2). As a result, Defendants argue that the incident report does not contain relevant information and they should not be required to produce it.

Based on the argument that the incident report does not contain any relevant information and the Court's initial determination of relevancy was clearly erroneous, the Court will grant the request to reconsider the order to disclose the incident report. Accepting the representations of

Defendants that the incident report only contains one sentence about Plaintiff, however, it is still not clear to the Court that a copy of the incident report does not contain relevant information. Defendants state that the report includes medical reports of injury for the suspects. (#45-2 at 2). They do not, however, disclose the nature of the suspects' injuries. If the injuries suffered by the suspects include burns resulting from exposed skin staying in contact with hot concrete for a prolonged period, the incident report would be relevant to Plaintiff's claims. The report could support Plaintiff's allegation that the concrete was hot enough to burn skin and his allegation that his burns were the result of prolonged contact with the concrete on the day in question. Because the Court is unable to determine the relevancy of the incident report based on Defendants' motion and the supporting declaration, the Court will order that an unredacted version of the report be submitted to the Court for *in camera* review. Accordingly,

**IT IS HEREBY ORDERED** that Defendants Bishop and Albonico's Notice of Motion for Reconsideration and Memorandum and Points of Authorities in Support of Their Motion for Reconsideration (#45) is **granted in part** as follows:

1. Defendants' confidentiality objections to Plaintiff's interrogatory nos. 2, 4, and 6-7 are upheld. Defendants do not need to respond further to these discovery requests; and

3. Defendants shall provide an unredacted copy of the incident report for the July 23, 2007 incident in facility C to the Court for *in camera* review on or before **May 23, 2011** in order for the Court to rule on Defendants' relevance objection to disclosure.

DATED this 4th day of May, 2011.

_____
**GEORGE FOLEY, JR.**
**United States Magistrate Judge**